132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amelwork MEKONNEN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70788.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1997.*
Filed Dec. 8, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amelwork Mekonnen, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' dismissal of her appeal from the immigration judge's denial of her applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158 and 1253(h). She was found deportable for staying longer than permitted in the United States. We have jurisdiction to hear this appeal under 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 * The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). We review for legal error the determination of the BIA that Mekonnen was not eligible for asylum, but "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (1996). We will reverse only if the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 * Mekonnen argues that she established past persecution or a well-founded fear of future persecution on account of her political opinion by showing that she worked for the chairman of the Workers' Party of Ethiopia (WPE) and was imprisoned and interrogated, beaten, and raped by the Transitional Government of Ethiopia (TGE). We disagree, as this case turns entirely on credibility. "This Court reviews the credibility findings of the BIA and the IJ for substantial evidence." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The IJ's finding of incredibility is entitled to "substantial deference." Id.
 
 
 5
 Here, as in Berroteran-Melendez, significant, unresolved discrepancies support the denial of asylum. See generally id. (upholding an adverse credibility finding based on discrepancies in the application for asylum and testimony and because the testimony was lacking in detail). Mekonnen's first asylum application claimed that she was persecuted for her Amhara ethnicity; she did not allege any political affiliations or difficulties on account of them. By contrast, in her second application she claimed political affiliations with the Workers' Party of Ethiopia, the Ethiopian Women's Association, and the Ethiopian Youth Association; she also alleged that she worked for the Chairman of the WPE, a Mr. Bochy, and that she had demonstrated against the government, which resulted in a two-month imprisonment that included beatings, interrogations, and five rapes. The only explanation that Mekonnen offered for the discrepancies was the social taboo of rape in Ethiopia. However, she had no explanation for any of the other differences, except that she did not want to discuss anything that might lead to a discussion of the rapes and she was confused. Nor could she explain why, if she were wanted by Ethiopian authorities for her apparent escape from prison, she was issued a visa and allowed to depart Ethiopia without incident. Finally, she claimed in her second asylum application that she was interrogated daily, but her testimony indicates that she was interrogated three times for a couple of hours. These critical and unexplained discrepancies support the BIA's finding that Mekonnen failed to present credible testimony in support of her application for asylum.
 
 B
 
 6
 Mekonnen argues that the BIA erred in finding that she failed to present sufficient documentary evidence, and especially in ruling that a letter issued by the TGE Central Criminal Investigation Office did not appear authentic. Again, this turns on credibility. The BIA found that neither the TGE letter, nor a letter from Mekonnen's friend Bekelech Desta, was entitled to significant probative value. Substantial evidence supports the BIA's determination.
 
 
 7
 The alleged government notice summoning Mekonnen to report to the Central Criminal Investigation Office refers to Mekonnen's employer as "Mr. Bochy," the same way she refers to him in her application, rather than by his full name as would be expected from a government agency. By contrast, the letter refers to Mekonnen's friend Bekelech Desta by her full name, as does Mekonnen. Further, the bulk of the letter recites facts that appear in Mekonnen's asylum application. Finally, the letter's claim that she is wanted by the government is inconsistent with her receipt from the government of a visa and ability to leave the country without incident.
 
 
 8
 In sum, we cannot say that the evidence compels a finding of asylum eligibility. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 II
 
 9
 As Mekonnen has failed to satisfy the burden of proof required for asylum, she has necessarily failed to satisfy the higher burden of proof required for withholding of deportation. See, e.g., Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990) (stating that an alien's burden of proof for withholding of deportation is "much greater" than for eligibility for asylum).
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 After briefing, Mekonnen filed a motion to hold in abeyance her petition while her motion to reopen is pending before the BIA. We deny the motion. She also asked for a remand, but we deny that motion as well, as she indicates she is filing a motion to reopen with the BIA